UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/23/2013

| | | |
|---|---|---|
| IN RE: | § § | CASE NO. 13-36405 |
| BROWN MEDICAL CENTER, INC., | § § | CHAPTER 11 |
| DEBTOR | § § | |

**ORDER GRANTING DEBTOR'S AMENDED EMERGENCY MOTION PURSUANT TO SECTIONS 105(a) AND 366 OF THE BANKRUPTCY CODE TO: (I) APPROVE THE DEBTOR'S PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR POST-PETITION UTILITY SERVICES, (II) ESTABLISH PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES, AND (III) PROHIBIT UTILITIES FROM ALTERING OR DISCONTINUING SERVICE**

(14)

On October 16, 2013, Brown Medical Center, Inc. (the "Debtor" or "BMC"), debtor-in-possession, filed an *Amended Emergency Motion Pursuant to Sections 105(a) and 366 of the Bankruptcy Code to: (i) Approve the Debtor's Proposed Adequate Assurance of Payment for Post-Petition Utility Services, (ii) Establish Procedures for Resolving Objections by Utility Companies, and (iii) Prohibit Utilities from Altering or Discontinuing Service* (the "Motion"). After considering the Motion, all responses thereto, if any, the arguments of counsel, and the evidence presented, the Court is of the opinion and finds that notice of the Motion was in all respects adequate and proper, that emergency consideration of the Motion is appropriate, and that the Motion should in all things be granted. Accordingly, it is hereby:

ORDERED that the Motion is GRANTED in its entirety; and it is further

ORDERED that on or before November 4, 2013 the Debtor may provide to utility service providers it deems to be critical to its operations a copy of this Order along with a deposit in the amount of the average charge for two (2) weeks' worth of service to the Debtor (an "Adequate Assurance Deposit"); and it is further

ORDERED that any utility provider that is dissatisfied with the amount of the Adequate Assurance Deposit may file a written objection with this Court on or before November 11, 2013, which objection shall set forth: (a) the amount and form of additional assurance of payment requested, (b) a description of the utility services provided, (c) a summary of the Debtor's payment history to such utility provider, including any security deposits, and (d) why the utility provider believes the Adequate Assurance Deposit is not sufficient adequate assurance of future payment (a "Qualified Objection'); and it is further

ORDERED that if any Qualified Objection is filed, a hearing will be held on November 13, 2013 at 10:00 A.M. to determine the merits of all Qualified Objections and to determine whether a modified Adequate Assurance Deposit is appropriate; and it is further

ORDERED that if no Qualified Objections are filed, the Debtor may file a notice with the Court to remove the November 13, 2013 setting from the calendar; and it is further

ORDERED that any utility provider that receives an Adequate Assurance Deposit and does not timely file a Qualified Objection shall be deemed to have received adequate assurance of payment within the meaning of § 366 of the Bankruptcy Code and shall be prohibited from discontinuing, altering, or refusing service to the Debtor without further order of this Court; and it is further

ORDERED that this Court reserves jurisdiction to determine whether any utility provider seeking to alter, refuse or discontinue utility service to the Debtor has complied with applicable non-bankruptcy law, including giving required, or at least reasonable notice to the Debtor of such alteration, refusal or discontinuance; and it is further

ORDERED that nothing herein shall prejudice the rights of the Debtor or any other party in interest to seek appropriate relief from this Court under §§ 366(c)(3) or 105(a) of the

Bankruptcy Code, including in the event any utility should give notice of its intent to alter, refuse or discontinue services to the Debtor.

Signed this 23rd day of October, 2013.

_____
**United States Bankruptcy Judge**